# EXHIBIT 1

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into as of the 13th day of March, 2019 ("Effective Date"), by and between T&T Trading Group, LLC ("T&T"), on the one hand, and Home Depot Store Support, Inc. ("Home Depot"), on the other hand. T&T and Home Depot are referred to herein individually and collectively as a "Party" or the "Parties."

## RECITALS

WHEREAS, during 2017-2018, T&T purchased goods from Home Depot under a September 18, 2017 Salvage Sales Agreement ("Salvage Agreement");

WHEREAS, Home Depot contends that T&T has breached the Salvage Agreement, including, but not limited to, by failing to timely pay all of the amounts that it owes for purchases of goods and by violating the Salvage Agreement's prohibition on advertising T&T's goods sold using the Home Depot name, trademark, or logo;

WHEREAS, on November 16, 2018 and thereafter, Home Depot (i) demanded full payment of the $504,700 that Home Depot contends that T&T owes under the Salvage Agreement, plus all applicable attorneys' fees, costs, expenses, and interest and (ii) informed T&T that it would take all appropriate steps to recover those amounts ("the Dispute"); and

WHEREAS, the Parties have reached an agreement to settle the Dispute regarding the Salvage Agreement as set forth herein.

NOW THEREFORE, in consideration of the following terms, covenants and conditions, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each Party hereto, the Parties do hereby agree as follows:

1. **Monetary Payments** – T&T shall pay Home Depot Five Hundred and Four Thousand Seven Hundred Dollars and No Cents ($504,700.00) pursuant to the following schedule:

    (a)  $3,000 on or before March 31, 2019;
    (b)  $3,000 on or before April 30, 2019;
    (c)  $3,000 on or before May 31, 2019;
    (d)  $3,000 on or before June 30, 2019;
    (e)  $5,000 on or before July 31, 2019;
    (f)  $5,000 on or before August 31, 2019;
    (g)  $5,000 on or before September 30, 2019;
    (h)  $25,000 on or before October 31, 2019;
    (i)  $25,000 on or before November 30, 2019;
    (j)  $25,000 on or before December 31, 2019;
    (k)  $25,000 on or before January 31, 2020;
    (l)  $25,000 on or before February 29, 2020;
    (m)  $25,000 on or before March 31, 2020;

1746098.1

(n) $25,000 on or before April 30, 2020;
(o) $25,000 on or before May 31, 2020;
(p) $25,000 on or before June 30, 2020;
(q) $25,000 on or before July 31, 2020;
(r) $25,000 on or before August 31, 2020;
(s) $25,000 on or before September 30, 2020;
(t) $25,000 on or before October 31, 2020;
(u) $25,000 on or before November 30, 2020;
(v) $25,000 on or before December 31, 2020;
(w) $25,000 on or before January 31, 2021;
(x) $25,000 on or before February 28, 2021;
(y) $25,000 on or before March 31, 2021;
(z) $25,000 on or before April 30, 2021; and
(aa) $2,700 on or before May 31, 2021.

The funds shall be wired to Home Depot as follows:

Bank Name: Citibank
Bank Routing Number: 021-000-089
Account Name: Home Depot USA, Inc. Concentrator
Account Number: ▇▇▇7849
Instructions: CC18680000 and Account ▇▇▇7001 Joy Hicks

The Parties agree and acknowledge that any missed or untimely payment constitutes a material breach of the Agreement.

2. **Releases**

A.   T&T, on behalf of itself and its parents, members, owners, subsidiaries, predecessors, successors, assigns, affiliates, officers, directors, employees, agents, and representatives, or any of them (collectively the "T&T Releasors"), does hereby fully, completely, finally, and irrevocably release, waive, acquit and forever discharge Home Depot, as well as its parents, subsidiaries, affiliates, owners, shareholders, predecessors, successors, assigns, officers, employees, agents, and attorneys, or any of them (collectively the "Home Depot Released Parties"), from and against any and all causes of action, suits, debts, liens, obligations, liabilities, claims, demands, damages, judgments, losses, orders, penalties, costs and expenses of any kind or nature whatsoever (including, without limitation, attorneys' fees), known or unknown, suspected or unsuspected, fixed or contingent, liquidated or unliquidated, that the T&T Releasors now have, own, hold, or claim to have, own, or hold, or at any time heretofore have had, owned, held, or claimed to have had, owned, or held against any of the Home Depot Released Parties.  Nothing in this Paragraph 2(A) shall prevent T&T from asserting a claim for breach of this Agreement.

B.   Home Depot, on behalf of itself and its parents, subsidiaries, affiliates, predecessors, successors, assigns, officers, employees, agents, and attorneys, or any of them (collectively the "Home Depot Releasors"), does hereby fully, completely, finally, and

irrevocably release, waive, acquit and forever discharge T&T, as well as its parents, members, owners, subsidiaries, predecessors, successors, assigns, affiliates, officers, directors, employees, agents, and representatives, or any of them (collectively the "T&T Released Parties"), from and against any and all causes of action, suits, debts, liens, obligations, liabilities, claims, demands, damages, judgments, losses, orders, penalties, costs and expenses of any kind or nature whatsoever (including, without limitation, attorneys' fees), known or unknown, suspected or unsuspected, fixed or contingent, liquidated or unliquidated, that the Home Depot Releasors now have, own, hold, or claim to have, own, or hold, or at any time heretofore have had, owned, held, or claimed to have had, owned, or held against any of the T&T Released Parties; provided, however, that (i) the release in this Paragraph 2(B) shall not become effective until and unless T&T makes all of the payments required by Paragraph 1 above; and (ii) nothing in this Paragraph 2(B) shall prevent Home Depot from asserting a claim for breach of this Agreement. Notwithstanding the foregoing or any other term in this Agreement, the T&T Released Parties shall not be released from any causes of action, suits, obligations, liabilities, claims, demands, judgments, or orders for any continuing obligations that T&T owes Home Depot under the Salvage Agreement, including, but not limited to, Paragraph 7 ("Defacing"), Paragraph 9 ("Indemnity"), Paragraph 11 ("Materials/Publicity"), and Paragraph 12 ("Inspection").

      C.     Because Home Depot's release does not become effective unless and until T&T timely makes all of the payments required by Paragraph 1, so long as T&T is in compliance with this Agreement, Home Depot covenants that it will not bring suit against any of the T&T Released Parties for any of the claims released in Paragraph 2(B). If T&T breaches this Agreement, Home Depot shall be permitted to file the suit and consent judgment as set forth in Paragraph 3 below.

3.     **Consent Judgment** – If T&T breaches this Agreement by failing to timely and fully make any of the payments reflected in Paragraph 1 above, T&T admits, stipulates, acknowledges, and agrees that Home Depot shall be permitted to file a Complaint for such breach and, contemporaneously with the filing of the Complaint, move for entry of a Consent Judgment in favor of Home Depot and against T&T in the amount of $504,700, less any payments made under this Agreement before T&T's breach of this Agreement, plus pre-judgment interest at a rate of 1.5% per month (18% per annum) since the Effective Date on the outstanding amount owed under this Agreement, plus post-judgment interest at a rate of 1.5% per month (18% per annum), plus all attorneys' fees and expenses that Home Depot incurred from its counsel relating to enforcing this Agreement and the Consent Judgment. The form of the Consent Judgment shall be substantially similar to the form attached hereto as Exhibit A. T&T shall not take any steps to contest, defend against, hinder, delay, or interfere with the filing of the Complaint or entry of the Consent Judgment. T&T admits, stipulates, acknowledges, and agrees that the amount of the Consent Judgment is not a penalty but, rather, constitutes the amount owed under the Salvage Agreement.

4.     **Home Depot Publicity** – Notwithstanding any other term of this Agreement, T&T admits, stipulates, acknowledges, and agrees that Paragraph 11 ("Materials/Publicity") of the Salvage Agreement is also a material term of this Agreement and acknowledges that T&T's breach of Paragraph 11 of the Salvage Agreement relating to the sale of any goods obtained from Home Depot under the Salvage Agreement shall constitute a material breach of this Agreement

1746098.1

("Publicity Breach").  Following written notice by Home Depot, T&T shall have three (3) days to cure any Publicity Breach.  If T&T fails to completely cure a Publicity Breach, T&T admits, stipulates, acknowledges, and agrees that Home Depot is entitled to injunctive relief enjoining T&T from violating Paragraph 11 of the Salvage Agreement, plus all attorneys' fees and expenses that Home Depot incurs in obtaining that injunctive relief from the Court.

5. **Attorneys' Fees for this Dispute and Agreement** – Each Party shall be responsible for its own attorneys' fees and expenses associated with this dispute and this Agreement, except that if T&T breaches this Agreement the terms of Paragraphs 3 and/or 4 shall apply.

6. **Notice** – Any notice permitted or required by this Agreement shall be directed in writing and transmitted by email and overnight mail as follows:

    A.    To T&T:

Todd Kleitz
T&T Trading Group, LLC
1430 Clinton Street, Unit 135
Buffalo, NY 14206
*info@tnttrading.co*

    B.    To Home Depot:

| | | |
|---|---|---|
| Legal - Commercial Litigation | and | Ronan P. Doherty |
| | | Fredric J. Bold, Jr. |
| Home Depot, U.S.A., Inc. | | Bondurant, Mixson & Elmore, LLP |
| Store Support Center | | 3900 One Atlantic Center |
| 2455 Paces Ferry Road – Bldg. C-20 | | 1201 West Peachtree Street, N.W. |
| Atlanta, Georgia  30339 | | Atlanta, Georgia  30309 |
| | | *doherty@bmelaw.com* |
| | | *bold@bmelaw.com* |

7. **Miscellaneous**

    A.    Each Party acknowledges that it has carefully read this Agreement and fully understands all terms, consequences, and ramifications of this Agreement.  Each Party further acknowledges and represents that it has had a free, full, and fair opportunity to engage counsel of its own choosing, if so desired, to review this Agreement and provide the Party with legal advice about the terms, consequences, and ramifications of this Agreement.  Each Party is signing this Agreement freely and voluntarily, without coercion of any kind.

    B.    This Agreement shall inure to the benefit of and is binding upon the Parties and their respective officers, directors, employees, predecessors, members, shareholders, owners, successors and assigns of the Parties hereto, whether a signatory or not.

1746098.1

C. This Agreement constitutes the Parties' entire agreement and understanding with respect to the Dispute, and this Agreement merges and supersedes all prior discussions, negotiations, understandings, and agreements among the Parties about the Dispute.  In signing this Agreement, neither Party is relying on any statement, representation, or promise made by the other Party or any Party's owner, officer, employee, agent, representative, or attorney, except as specifically provided in this Agreement.  The Parties specifically agree that no Party will be bound by any failure to respond or object to a written or oral communication from the other Party that purports to impose or confirm any obligation not expressly set forth in this Agreement.  No provision of this Agreement may be waived unless such waiver is reduced to writing and signed by the Party granting such waiver.  A waiver or breach of any term of this Agreement shall not be construed as a continuing waiver of other breaches of the same or any other term of this Agreement.  This Agreement may not be altered, modified or amended except in writing signed by all Parties.

D. This Agreement may be signed in multiple counterpart copies, each of which shall constitute an original with the same force and effect as if each of the Parties hereto had signed a single instrument.

E. This Agreement shall be construed and interpreted by and according to the laws of the State of Georgia, without consideration of Georgia's choice of law rules.

F. Any dispute concerning the subject matter of this agreement, including any alleged breach of this Agreement, or any dispute or allegation resolved by this Agreement shall be subject to the exclusive jurisdiction of the Georgia courts of Cobb County, Georgia and the United States District Court for the Northern District of Georgia, Atlanta Division.  The parties hereby consent to the *in personam* jurisdiction of these courts.

G. This Agreement shall be construed as if each party participated equally in its negotiation and drafting.

H. Time is of the essence with respect to all obligations, terms and conditions applicable to the Parties.

I. The Parties agree that this Agreement is made to avoid the time, expense, and distraction associated with litigation.  The Parties' execution of this Agreement shall not be deemed an admission of any liability whatsoever by any Party, or a violation by any Party of any agreement, or applicable law, rule, regulation, or order of any kind.

J. If any part or provision of this Agreement is determined to be unenforceable, the Parties intend and agree that the remaining provisions shall not be affected by such determination.

K. The person signing this Agreement on behalf of each Party is fully capable of and authorized to do so and this Agreement is binding on each Party in accordance with its terms.

**IN WITNESS WHEREOF**, this Agreement has been executed by the Parties hereto as of the Effective Date.

        T&T Trading Group, LLC

        By:   T&T Trading Group LLC *[signature]*

            Name: Todd Kleitz

            Title: Owner

            Date: 3/22/19


        Home Depot Store Support, Inc.

        By: *[signature]*

            Name: Paul J. Kaplan

            Title: Assistant General Counsel

            Date: March 25, 2019

1746098.1

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| HOME DEPOT STORE SUPPORT, INC. | ) ) ) | CIVIL ACTION |
| Plaintiff | ) ) ) | FILE NO. _____ |
| v. | ) ) | |
| T&T TRADING GROUP, LLC, | ) ) | |
| Defendant. | ) ) ) | |

## CONSENT ORDER AND JUDGMENT

This matter is before the Court on Home Depot Store Support, Inc.'s ("Home Depot") Motion for Entry of Consent Order and Judgment ("Motion"). The Court has considered the Motion and, recognizing that the Motion is unopposed and arises out of the parties' _____ __, 2019 Settlement Agreement ("Agreement") and for other good cause shown, **GRANTS** it.

Accordingly, the Court hereby **ENTERS JUDGMENT** in favor of Home Depot and against T&T Trading Group, LLC ("T&T") for the sum of $_____ [$504,700 less any payments made under this Agreement before T&T's breach], plus $____ of attorneys' fees and expenses that Home Depot incurred from its counsel relating to enforcing the Agreement and this lawsuit, plus pre-judgment interest of $____ [at a rate of 1.5% per month (18% per annum) since the Effective Date on the outstanding amount owed under the Agreement], plus post-judgment interest at a rate of 1.5% per month (18% per annum).

Pursuant to Federal Rule of Civil Procedure 58(b)(2), the Court hereby approves the form of this judgment and **DIRECTS** the Clerk to enter this judgment.

SO ORDERED this ____ day of _____, 20__.

1746098.1

⁣	⁣	⁣	_____
⁣	⁣	⁣	The Honorable _____
⁣	⁣	⁣	United States District Judge

1746098.1